UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DION GAINES, ) | |
| ) | |
| Plaintiff, ) | No. 1:22-CV-00971 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| THOMAS J. DART and COOK COUNTY ) | |
| SHERIFF'S MERIT BOARD, ) | |
| ) | |
| Defendants. ) | |

ORDER

Dion Gaines is a correctional officer at the Cook County Jail. He brings this action against Thomas Dart, the Sheriff of Cook County, and the Cook County Sheriff's Merit Board. Gaines alleges that Dart violated the Equal Protection Clause by engaging in employment discrimination based on Gaines' race (African-American) when Gaines was passed up for a promotion to Sergeant. R. 1 at 46, Am. Compl.[1] Gaines also requests judicial review of a Merit Board disciplinary decision issued against him back in 2016.[2] The Defendants move to dismiss the race-discrimination claim (Count 2), arguing that claim preclusion bars this claim in light of Gaines's previous lawsuits. R. 9, Mot. Dismiss at 1–2. In the alternative, the Defendants contend that Gaines's claim is time-barred under the statute of limitations. *Id.*

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim, 28 U.S.C. § 1367.

For the reasons discussed in this Order, the motion to dismiss (which is really a motion for judgment on the pleadings, as explained later) is granted, but the dismissal is without prejudice. Gaines may amend his complaint and assert any post-February 4, 2021 claims as explained in the Order. Gaines' separate motion to file Second Amended Compliant, R. 30, is terminated without prejudice as moot.

## I. Background

At the pleading stage, the Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Gaines is an African-American man, and he began working as a correctional officer in the Cook County Jail in around March 2005. Am. Compl. ¶ 10. Around 10 years later, in 2015, Gaines sat for and passed the Cook County Sheriff's Department exam for promotion to Sergeant. *Id.* ¶ 15. But after passing the exam, Gaines got bad news: the Department sent him a promotion-disqualification letter. *Id.* ¶ 21. The letter explained that Gaines was disqualified because he had taken an unauthorized day off. *See id.* Gaines contends that the supposedly unauthorized absence was actually authorized leave under the Family and Medical Leave Act (commonly known as the FMLA). *Id.*

After failing to resolve the misunderstanding internally, Gaines filed a complaint alleging violations of the FMLA—namely, that because he took FMLA leave, the Sheriff's Office failed to promote him to Sergeant—in September 2016. Am. Compl. ¶¶ 22–23; *see Gaines v. Dart, et al.*, 1:16-cv-08809 (N.D. Ill) (*Gaines I*). Around one month later, Gaines was summoned to the Office of Professional Regulation

(known as OPR for short) for a "failure to perform assigned task." *Id.* ¶ 24. An open OPR investigation remained pending from then until 2021, the subject of which allegedly shifted over time. *See* Am. Compl. ¶ 27 (allegation of falsifying documents was based on Gaines having his back to the tier during a security check); *id.* ¶ 29 (disciplinary allegations were based on his log-book entries). In the meantime, Gaines voluntarily settled the FMLA suit, and the federal court dismissed the case with prejudice. *Gaines I*, R. 22, Acceptance of Offer of Judgment; R. 26, Minute Entry.

Around a year-and-a-half after OPR first opened its investigation, Gaines was called to participate in a hearing in March 2018. At the hearing, Gaines produced documentation that he believed would absolve him of the potential discipline. Am. Compl. ¶¶ 27–28. Still the investigation continued on. *Id.* In July 2018, a Merit Board Complaint was filed against Gaines, this time calling for his termination. *Id.* ¶¶ 14, 31. The disciplinary complaint alleged that, in April 2016, while Gaines was working the night shift, several detainees had left their cells. *Id.* ¶ 33. With regard to who has ultimate responsibility for issuing the discipline, Thomas Dart is the elected Sheriff of Cook County and Gaines alleges that among Dart's responsibilities was filing the administrative charges and complaint against Gaines, as well as being a decisionmaker on offering (or rejecting) promotions to Gaines. Am. Compl. ¶¶ 9, 57–60.

Gaines was informed that he could not be promoted to Sergeant in light of the open OPR investigation and the pending Merit Board charges. Am. Compl. ¶ 25. During the pendency of the investigation and the charges, from 2016 to 2021, Gaines sat for the Sergeant's exam and again passed, once in 2017 and another time in 2019. *Id.*

¶ 15. But still Gaines was passed up for promotion or lateral advancement. *Id.* ¶ 30. Specifically, Dart did not promote Gaines to Sergeant, allegedly because Gaines was still under investigation by the Merit Board. *Id.* ¶¶ 9, 30, 57–60. In June 2020, Gaines filed a second employment-discrimination lawsuit against the Sheriff's Office. *See Gaines v. Dart*, 2021 WL 394814, at \*1 (N.D. Ill. Feb. 4, 2021) (*Gaines II*).

In *Gaines II*, Gaines alleged that he was retaliated against for filing *Gaines I*, as evidenced by the investigation opening up just one month or so after filing the first lawsuit. *Gaines II*, 2021 WL 394814 at \*2–3. Gaines argued that this explained why he had been passed over for promotion over three cycles during which he continued to pass the exam and was otherwise qualified. *Id.* He also claimed that he suffered a hostile work environment due to his race. *Id.* The Court (another district judge) dismissed these claims, explaining that Gaines did not make a factual allegation showing that he was harassed *because* of his race and that his "threadbare recitals" were insufficient to state a claim.[3] *Id.* (cleaned up).[4] Just a few days before the Court dismissed Gaines's claims, a Merit Board evidentiary hearing was finally held on February 2 and 3, 2021, and a decision was then issued a few months later in June. *Id.*

---

[3]In addition to bringing claims under Title VII, Gaines also brought two parallel claims under the Illinois Human Rights Act. These claims were dismissed due to failure of Gaines to exhaust his administrative remedies. *Gaines II,* 2021 WL 394814 at \*3. The Court also clarified that a successful retaliation claim required opposition to a discriminatory practice, not simply retaliation for exercising FMLA rights. *Id.*

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

¶¶ 35, 36. The decision upheld the charges against Gaines and ordered a 90-day suspension. *Id.* ¶ 36.

After the issuance of the Merit Board decision, Gaines filed, in July 2021, this lawsuit (*Gaines III*) in state court, which was then removed to federal court. Specifically, Gaines requested judicial review under the Illinois Administrative Act, 735 ILCS 5/3-101 (Count 1), and alleged an equal protection violation on the basis of his race for Dart's refusal to promote him to Sergeant (Count 2). *Id.* ¶¶ 40, 58–60. Gaines alleged that there were other non-Black officers in the same circumstances—that is, officers who were under open OPR investigations, pending discipline, or pending suspension—who still received promotions. *Id.* ¶ 59. The Defendants move to dismiss the race-discrimination claim, arguing that the claim impermissibly rests on the same three promotional decisions previously at litigated in *Gaines I* and *Gaines II*. R. 9, Mot. Dismiss at 1–2, 5.

## II. Legal Standard

Although styled as a Civil Rule 12(b)(6) motion, the defense motion really is a motion for judgment on the pleadings. "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

But here the Defendants argue that claim preclusion bars Gaines's action because he is alleging employment discrimination on the basis of three incidents that have already been the bases of previous suits, albeit under other legal theories. Mot. Dismiss at 7–13. Claim preclusion is an affirmative defense—not a flaw in stating the claim. So the defense argument is not within the provenance of Rule 12(b)(6), under which motions test the adequacy of the allegations in stating a viable claim. *See United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Instead, the dismissal motion should be treated as a motion for judgment on the pleadings under Civil Rule 12(c). *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)); *see also Carr v. Tillery*, 591 F.3d 909, 913–14 (7th Cir. 2010) (affirmative defense of claim preclusion properly brought in Rule 12(c) motion). For Rule 12(c) motions, the Court still accepts the truth of the allegations in the complaint.

### III. Analysis

"In general, the doctrine of claim preclusion or res judicata bars a party from asserting a claim that has already been resolved in another lawsuit between the same parties or those in privity with them." *Russian Media Group v. Cable Am., Inc.*, 598 F.3d 302, 310 (7th Cir. 2010). This applies both to claims that were actually asserted in a prior lawsuit as well as those claims and legal theories which *could have* been

asserted but were not. *See id; Allan Block Corp. v. Cty. Materials Corp.*, 512 F.3d 912, 916 (7th Cir. 2008).

Federal courts apply the federal common law of claim preclusion when a federal court issued the earlier judgement at issue. *Ross v. Board of Educ. Twp. High Sch. Dist. 211,* 486 F.3d 279, 283 (7th Cir. 2007). "In federal court, res judicata—or claim preclusion—has three elements: (1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Obviously Gaines is the same plaintiff in *Gaines I, II* and *Gaines III*, and equally obviously Dart and the Sheriff's Department were the same defendants (as pertinent here, because the Merit Board is a defendant for purposes of administrative review) as those in *Gaines I* and *II*. There is identity of the parties. The parties agree too that *Gaines I* and *II* led to final judgments. The issue is rather whether there is identity in the causes of action between this present case and Gaines's previous actions.

The Amended Complaint in the present suit focuses on how Dart allegedly treated Gaines differently from similarly situated officers who also were undergoing OPR investigations and Merit Board disciplinary proceedings. The defense argues that Gaines's previous complaint in *Gaines II* addressed the same promotion denials at issue in this case. Specifically, the complaint in *Gaines II* covered prior failures to promote in 2015, 2017, and 2019 due to pending charges and investigations—the

7

same promotion denials that Gaines is complaining about in this lawsuit. Because claim preclusion is broad enough to cover race-discrimination claims that *could have* been brought up in the previous action, and because Gaines challenged the promotion denials before, then he cannot now apply a new legal theory to challenge the same denials.

Put another way, Gaines cannot now decide that, on second thought, he was discriminated on the basis of his race in addition to being retaliated against on the basis of his FMLA suit. Nor can Gaines deploy an alternative legal theory's "newness" as an end run around claim preclusion if the underlying occurrence remains the same. *See Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1017 (7th Cir. 2014) (clarifying that "[c]laim preclusion applies not only to matters that were actually decided in the original action but also to matters that could have been decided").

It is true that the present Amended Complaint specifies that Gaines "suffered adverse actions by the County altering the terms of his employment, and preventing his promotion or lateral advancements because of its pending OPR investigation *since* October 2016." Am. Compl. ¶ 34. Gaines also points to updates that happened after the 2019 failure to promote, such as the close of the Merit Board's investigation. *Id.* ¶ 35, 36. In this way, Gaines does seem to suggest that there has been a new injury *since* 2019, based (possibly) on new occurrences.

Right now, however, the operative pleading (the Amended Complaint) focuses on the 2015, 2017, and 2019 failures to promote that happened under the shadow of then then-*pending* OPR investigation and Merit Board charges, rather than a post-

8

2019 employment action that occurred in the context of the completed Merit Board decisions and suspension. *See* Am. Compl. ¶ 56 (other non-African American officers with *pending* investigation or charges were still promoted), ¶ 58 (Dart failed to promote on the alleged basis that Gaines was under investigation and pending a case), ¶ 59 (other non-Black officers have received promotions while having either (i) open OPR investigations, (ii) pending discipline, and/or (iii) suspensions). Only in the final paragraph of the Amended Complaint does Gaines mention differential treatment based on his "ultimate 90-day suspension." *Id.* ¶ 62. But even then he does not offer information of, for instance, a new promotion cycle that has happened since receiving that suspension. What Gaines must do is explain exactly what new transaction or event happened pertinent to some decision made by *Dart* since 2021, which could serve as a new, independent underlying injury for this lawsuit. As noted earlier, a new injury could be another round of promotions in which Gaines was denied eligibility.

Indeed, Gaines attaches to his response brief a *2021* email chain from Human Resources in which HR apparent asserts that that Gaines will "not be considered qualified" for appointment because the Merit Board action concluded in a suspension. R. 13-1, Pending Discipline Email at 4–6. The Defendants protest that the emails are not authenticated. It indeed is irregular to attach new evidence in response to a dismissal motion. But it is also irregular to require a plaintiff to plead around an affirmative defense like claim preclusion. *See United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). So, Gaines should be permitted to amend the

9

complaint again and—this time—articulate exactly what (if anything) happened after February 4, 2021, *see Gaines II*, Case No. 1:20-cv-03487, R. 19 (final judgment entered on Feb. 4, 2021), that could not have been addressed in the prior case.[5] Any new refusal to promote or other adverse action after February 4, 2021, would constitute new injuries not necessarily barred by claim preclusion.[6]

## IV. Conclusion

For the reasons discussed, the Defendants' motion to dismiss is granted, but the dismissal is without prejudice. Gaines may file a Second Amended Complaint with post-February 4, 2021 injuries by October 16, 2023. Gaines's separate motion for a Second Amended Compliant is terminated because he is being allowed to amend his current complaint under this Order. In filing the new complaint, the Court notes that Gaines also should reallege the claim for state administrative review, because an amended complaint entirely supersedes prior pleadings. The answer or response to the Second Amended Complaint is due on October 30, 2023. The status hearing of

---

[5]Indeed, following this briefing Gaines moved to file a Second Amended Complaint on this basis, asserting that since filing his Amended Complaint in January of 2022, he has again been denied eligibility for promotion. R. 30, Mot. SAC ¶¶ 4–5. The motion to file a Second Amended Complaint is terminated as moot given the permission allowed in this Order.

[6]The Defendants also raise a statute of limitations defense, but the Court defers this issue for now given the upcoming Second Amended Complaint.

10

October 20, 2023, is reset to November 10, 2023, at 8:30 a.m. The parties shall file a joint status report on November 3, 2023.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2023

11