**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DION GAINES,<br><br>Plaintiff,<br>v.<br><br>THOMAS DART, Sheriff of Cook County, and COOK COUNTY SHERIFF'S MERIT BOARD,<br><br>Defendants. | Case No. 22 CV 00971<br><br>Honorable Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dion Gaines is an African American correctional officer employed by the Cook County Sheriff's Office. He was passed over for promotion to correctional sergeant in 2021 and 2023. Gaines claims his white counterparts were promoted despite having similar disciplinary circumstances, leading him to file a Section 1983 claim for racial discrimination against Sheriff Dart as the head of the Sheriff's Office. Gaines also brings a claim under Section 1981, alleging his lack of promotion was retaliation for seeking administrative review of a prior disciplinary finding by the Cook County Sheriff's Merit Board. For the reasons explained below, the undisputed evidence establishes that Gaines was disqualified from promotion for reasons other than his race. Further, he has abandoned his Section 1981 claim. Accordingly, the Court grants the Sheriff's motion for summary judgment on Gaines's federal claims. It remands his remaining state law claim for administrative review to state court.

### Statement of Facts

The following facts are undisputed unless otherwise noted. Gaines began working as a correctional officer at the Cook County Jail in 2005. [167-1] at 30:2–3. He has not held another position with the Sheriff's Office. *Id*. at 37:15–18.

From at least 2019 to June 2023, the Sheriff's Employment Action Manual set forth the policies and procedures for evaluating promotional candidates at the Sheriff's Office. [165-5] at 2. Section B.6 of that Manual identifies disciplinary history among the factors that will disqualify a candidate from promotion. *Id*. at 6. The Manual further explains that a candidate will be deemed not qualified for promotion if "[h]e/she has received discipline resulting in suspensions of a total of three or more days for one or multiple infractions within the previous 18 months." *Id*. at 9. A candidate will also be disqualified if they are "found to be untruthful" by the Office of Professional Review, an administrative body, or a court. *Id*. The Office of Professional

Review may place a hold on a candidate's promotion based on pending discipline. [165-4] at 243–44. The Office also has the discretion to release such a hold. *Id*. at 242.

In April 2016, the Office of Professional Review of the Cook County Sheriff's Office initiated an investigation into Gaines's workplace conduct. [165-2] at 331–32. It found that Gaines failed to complete a lock inspection of the jail cells during his shift, and that he submitted an inaccurate report. *Id.* at 319. Based on this investigation, the Office of Professional Review filed a complaint with the Cook County Sheriff's Merit Board seeking Gaines's termination. [168-4]; [165-3] at 198–99. On June 3, 2021, the Merit Board found that Gaines violated various written directives and regulations. [165-3] at 210. The Merit Board ordered that Gaines be suspended for 90 days. *Id.* However, Gaines never served that suspension. [165-2] at 53.

Gaines took the promotional exam to become a correctional sergeant every two years, beginning in 2007. [165-2] at 52–53. On September 21, 2021, the Sheriff's Office sent a letter informing Gaines that he was disqualified from promotion. [165-2] at 307. That letter stated that Gaines's discipline records revealed a pending disciplinary infraction "resulting in suspension(s) of a total of three (3) or more days, (or an [Office of Professional Review] investigation) from the previous eighteen (18) months." *Id*. Gaines appealed the decision to Elisabeth Glick, who was the Interim Compliance Officer. *Id*. at 61, 308. Glick asked Peter Lissuzo, the Executive Director of the Office of Professional Review, whether he would release the discipline-based hold on Gaines's promotion. [165-5] at 61.[1] Lissuzo declined to release the hold. *Id*.

On March 1, 2023, in an email from Tammy Leal, the Director of Employment Actions with the Sheriff's Office, Gaines was informed that he "[c]annot be selected" for promotion to correctional sergeant. [165-2] at 313–14. Medina Zelenkic, who also worked in the Sheriff's Office Employment Actions department, elaborated on the disqualification and explained to Gaines that he had a "pending [Office of Professional Review case] for 60 days suspension/not served." *Id*. at 312.

For comparison, Gaines has identified Leonard Rocco and Anthony Squeo as white correctional officers who were promoted despite a pending Office of Professional Review investigation. [165-2] at 84, 86; [165-5] at 54, 58. Leonard Rocco was promoted to correctional sergeant on April 19, 2015. [165-2] at 491. The Office of Professional Review marked "no concern" regarding Rocco's promotion when considering his disciplinary history. [165-2] at 478, 480.

---

[1] Gaines asks the Court to strike Elisabeth Glick's declaration. For the reasons explained below, the Court finds Gaines's arguments unpersuasive. Since he does not otherwise dispute the facts in her declaration, the Court deems them admitted. *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015).

As for Anthony Squeo, the Sheriff's Office promoted him to correctional sergeant on December 27, 2015. [165-2] at 469. During the promotion process, a memorandum from Mark Van Stedum, Executive Director of the Office of Professional Review, listed a hold on Squeo's promotion after conducting a disciplinary review. [165-2] at 478, 481. As of April 9, 2015, the Office of Professional Review was investigating Squeo for a potential disciplinary infraction. *Id.*; [168-1] at 2. That investigation closed on August 20, 2016. [165-2] at 488–89. As a result of that disciplinary infraction, the Sheriff's Office Merit Board issued Squeo a 45-day suspension on November 26, 2018. *Id.* at 490.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment must be granted for the moving party. *Celotex*, 477 U.S. at 322. In determining whether there is a genuine issue of material fact precluding summary judgment, the Court construes all facts and makes all reasonable inferences in the nonmoving party's favor. *Metzler v. Loyola Univ. Chi.*, 164 F.4th 612, 616 (7th Cir. 2026).

## Discussion

The Sheriff moves for summary judgment on Gaines's Section 1983 Equal Protection claim (Count II) and his Section 1981 retaliation claim (Count III), arguing that no reasonable jury could find in Gaines's favor based on the evidence. In addition to responding on the merits, Gaines seeks to strike the Sheriff's witness declarations submitted with the summary judgment record.

### I. Gaines's Request to Strike Witness Declarations

As a threshold matter, Gaines asks the Court to disregard declarations from three of the Sheriff's witnesses: Lisa Schmilke, Valencia Muhammad, and Elisabeth Glick.[2] Gaines argues that these witness declarations advance a fundamentally different rationale for his lack of promotion from what the Sheriff asserted earlier in

[2] Gaines initially contests all four of the declarations from the Sheriff's witnesses, but then later states he does not object to the declaration from Michael Schassburger. [166] at 7. The Court accepts his withdrawal of the objection.

the litigation, and therefore the Court should apply the doctrine of judicial estoppel. Gaines also contests the Schmilke and Muhammad declarations because neither witness was included in the Sheriff's Rule 26(a)(1) initial disclosures. Finally, Gaines objects to Glick's declaration because it supposedly contradicts her prior deposition testimony.

Beginning with judicial estoppel, the Sheriff asserts that one reason for Gaines's disqualification was that the Office of Professional Review found him untruthful because he falsified records. Gaines claims this contradicts the Sheriff's earlier arguments in his motion to dismiss briefing. The doctrine of judicial estoppel prevents a litigant from succeeding in maintaining a position earlier in the litigation, then later taking a contrary stance. *CSI Worldwide, LLC v. TRUMPF Inc.*, 944 F.3d 661, 662–63 (7th Cir. 2019). For judicial estoppel to apply, the party's "latter position must be clearly inconsistent with the earlier position." *Brown v. Watters*, 599 F.3d 602, 615 (7th Cir. 2010) (*quoting Urbania v. Cent. States, Se. & Sw. Areas Pension Fund*, 421 F.3d 580, 589 (7th Cir. 2005)).

Gaines points to the Sheriff's reply brief on the motion to dismiss, where he recounts an email explaining that Gaines would not qualify for promotion until he served his pending suspension or until his administrative review claim was resolved. [17] at 3–4. At summary judgment, the Sheriff takes the same position, arguing that Gaines was unqualified for promotion in 2021 and 2023 because of his unserved suspension. [165-1] at 19–20. Although the Sheriff now adds that Gaines was also unqualified because the Office of Professional Review found him untruthful, Gaines may have been disqualified for multiple reasons. S*ee Pagsuberon v. Chi. Trib. Co.*, 155 F. Supp. 2d 959, 964–65 (N.D. Ill. 2001) (defendant's additional explanations for why the promoted candidate was more qualified are not inconsistent because the two positions "are not explicitly duplicative"). Thus, the Sheriff's arguments at the motion to dismiss stage and now at summary judgment are not "clearly inconsistent," and judicial estoppel does not apply.

Turning to Gaines's next argument, he claims that Schmilke's and Muhammad's declarations should be stricken because neither witness was included in the Sheriff's Rule 26(a)(1) disclosures, which require parties to provide the name of any individual likely to have discoverable information. Fed. R. Civ. P. 26(a)(1). Gaines is correct that the Sheriff did not explicitly list Schmilke or Muhammad. But the Sheriff did list "[r]ecord keepers" who "may have information regarding the creation, processing, or retention of certain documents" as potential witnesses. [168-6] at 2. The Schmilke and Muhammad declarations only establish the declarants' positions as document custodians and authenticate the attachments. [165-5] at 48; [165-2] at 315.[3] Each declaration attests that the attached documents are records

[3] Gaines further objects to the Schmilke declaration arguing that she "offers opinion testimony" about what constitutes a finding of untruthfulness, and contradicts the deposition

"made and kept in the regular course of business." *Id*. The witnesses therefore serve as record keepers. *See Norman v. AllianceOne Receivables Mgmt., Inc.*, 637 F. App'x 214, 216 (7th Cir. 2015) (agreeing that the witness declaration established that the executive was a custodian of the attached documents because he was familiar with the company's record-keeping practices). The Sheriff properly disclosed those with information about document creation and retention as potential witnesses, meaning there is no Rule 26(a)(1) violation and no reason to disregard the declarations.

Even if the Court agreed these witnesses were undisclosed, it would still decline to strike the declarations. When a party fails to disclose a witness pursuant to Rule 26, Rule 37(c)(1) bars it from using that witness unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The Court has broad discretion in making this determination. *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017).

There is no question that any non-disclosure of these witnesses was harmless. The Muhammad and Schmilke declarations present no material facts and serve only to authenticate the attached documents, so Gaines suffered no harm from not knowing the declarants' names. *See Valdez v. Lowry*, 2021 WL 5769533, at *18 (N.D. Ill. Dec. 5, 2021) (finding a Rule 26 violation harmless where defendants listed record keepers on their witness list, and the sole purpose of the record keeper's trial testimony would be to lay foundation for documents); *Heidelberger Druckmaschinen AG v. Ohio Elec. Engravers, Inc.*, 2000 WL 631382, at *6 (N.D. Ill. May 12, 2000) (declining to strike an affidavit from a witness not previously disclosed because the affidavit only authenticated documents already produced in discovery). Therefore, Rule 26 provides no basis to strike these declarations.

Finally, Gaines claims Glick's declaration differs from her deposition testimony and thus should be stricken. Gaines is correct that a witness cannot contradict their own prior deposition testimony through a declaration submitted at summary judgment. *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 488 (7th Cir. 2007). However, Glick's testimony contains no discrepancy. Glick's declaration consists of five short paragraphs concerning discussions she had with the Office of Professional Review's then-Executive Director Peter Lissuzo about whether to release the hold on Gaines's promotion. [165-5] at 61. Contrary to Gaines's assertion, the declaration nowhere gives "a detailed and specific basis for disqualification." [166] at 9. Nor does it repudiate the deposition testimony he cites.[4]

---

testimony of other witnesses. [166] at 7–8. This argument has no merit because, as discussed above, the Schmilke declaration only serves to authenticate documents and attest to her knowledge of their creation. [165-2] at 315–16.

[4] Specifically, Gaines cites deposition testimony where Glick states that she could not recall the specifics of his disqualification, that she needed to refer to job posting to give a definition of "pending discipline," and that she was uncertain whether an investigation could have an

Seeing no discrepancy in Glick's testimony, the Court declines to strike her declaration. *See Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 571 (7th Cir. 2015) (witness's declaration only clarified earlier deposition testimony, and thus statements were not "inherently inconsistent").

## II. Section 1983 Equal Protection Claim

With the threshold evidentiary issues resolved, the Court turns to Gaines's Section 1983 claim. Gaines alleges he was subject to racial discrimination when he was passed over for promotion to correctional sergeant in 2021 and 2023, while white candidates with pending Office of Professional Review investigations have been promoted.

Gaines's Section 1983 employment discrimination claim is analyzed under the same standards as Title VII claims. *Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1007 (7th Cir. 2018). The Court reviews the evidence holistically to determine whether a reasonable fact finder would "conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Tyburski v. City of Chicago*, 964 F.3d 590, 598 (7th Cir. 2020) (citation omitted). The Court may also use the familiar *McDonnell Douglas* framework as a tool for assessing the evidence, particularly when a plaintiff has taken that approach to presenting his case. *Napier v. Orchard Sch. Found.*, 137 F.4th 884, 891–92 (7th Cir. 2025). Under that framework, Gaines must first point to enough evidence to establish a *prima facie* case of discrimination, meaning he must demonstrate that 1) he is a member of a protected group, 2) he was qualified for the position sought, 3) he was rejected for the position, and 4) a similarly situated employee was promoted. *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). Once a *prima facie* case is established, the Sheriff must articulate a legitimate, nondiscriminatory reason for not promoting Gaines. *Reives v. Illinois State Police*, 29 F.4th 887, 891 (7th Cir. 2022). Then, the burden shifts back to Gaines to argue that justification is pretextual. *Id.*

### A. Gaines's Qualifications

The Sheriff attacks the second and fourth prongs of Gaines's *prima facie* case. He first argues that Gaines was never qualified for promotion to correctional sergeant because, during both the 2021 and 2023 promotional cycles, Gaines had an unserved suspension on his record.

---

outcome other than sustained and not sustained. [167-8] at 150:2–24; 35:5–11; 88:2–16. None of the cited testimony describes her conversation with Lissuzo or the hold on Gaines's promotion.

An employer is "free to develop its own criteria in determining who to promote." *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001). And if Gaines fails to prove that he satisfied the Sheriff's criteria, his lack of promotion is not an adverse employment action. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 275 (7th Cir. 2004).

In both 2021 and 2023, the Sheriff's Office cited Gaines's unserved suspension as the reason he was ineligible for promotion. It is undisputed that such a pending suspension is a basis for disqualification.[5] Gaines does not rebut any of the Sheriff's evidence that he was unqualified for promotion, but he makes the unsupported claim that he was never disciplined for the 2016 infraction. Gaines further sidesteps the facts about his pending discipline and instead argues that his Office of Professional Review case was closed during the 2021 and 2023 promotion cycles. Even drawing that inference in Gaines's favor, it fails to refute that Gaines was disqualified because of the unserved pending suspension.

Gaines makes other conclusory assertions about his supposed qualifications, contending that he passed the promotional exam multiple times and earned high scores that placed him at the top of the class for promotion. But Gaines fails to cite facts on the record to support these statements. The Court has no obligation to assume the truth of such conclusory allegations. *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1040 (7th Cir. 2021). Gaines's unsupported speculation does not give rise to a genuine issue of material fact. *See Johnson v. Rimmer*, 936 F.3d 695, 706 (7th Cir. 2019). Nor does it matter, given the suspension.

Gaines can point to no evidence disputing that he was unqualified for promotion to correctional sergeant. Accordingly, he fails to make a *prima facie* case to support his employment discrimination claim.

### B. Comparator

Though Gaines's lack of qualification is reason enough to find no inference of racial discrimination, the Sheriff also attacks the similarity of his would-be comparators, the fourth prong of Gaines's *prima facie* case.

A similarly situated comparator aids in the discrimination analysis because it eliminates other possible explanations for the adverse employment action. *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 549 (7th Cir. 2017). The identified employee

---

[5] Separately, Gaines argues that the Sheriff delayed producing the Sheriff's Employment Action Manual during discovery, leading to an inference of intentional discrimination. Gaines provides no case law to support this conclusory claim, nor does he articulate how a delay in document production indicates discriminatory animus. His undeveloped argument is waived. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016).

must be "directly comparable to the plaintiff in all material respects." *Upchurch v. Indiana*, 146 F.4th 579, 588 (7th Cir. 2025) (*quoting Napier,* 137 F.4th at 895). Comparators need not be "carbon copies." *Naficy v. Illinois Dep't of Hum. Servs.*, 697 F.3d 504, 512 (7th Cir. 2012). But a comparator is insufficiently similar if there are material differences between the two employees that go "to the heart" of why the plaintiff received different treatment. *Id.*

The Sheriff first offers facts to demonstrate that Leonard Rocco had no disciplinary hold on his record at the time of his promotion. Therefore, Rocco is not a similarly situated comparator because he was eligible for promotion. Gaines fails to respond to this evidence, and only makes the conclusory statement that Rocco was promoted under the same or worse disciplinary circumstances. Gaines offers no citations to facts in the record, thus, the Sheriff's evidence is uncontested. *Friend v. Valley View Cmty. Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015). His failure to respond to the Sheriff's argument also results in waiver. *In re GT Automation Grp.*, 828 F.3d 602, 605 (7th Cir. 2016). Thus, Rocco is not a comparator.

The Sheriff next contends that Anthony Squeo is an inapt comparator because Squeo had no unserved suspension at the time of his promotion. Differences in disciplinary history may make a would-be comparator too dissimilar. *Simpson v. Franciscan All., Inc.*, 827 F.3d 656, 662 (7th Cir. 2016). Squeo was promoted to correctional sergeant in December 2015. Although the Sheriff's Office Merit Board eventually gave Squeo a 45-day suspension for a disciplinary infraction, it did not impose that punishment until November 26, 2018, well after he was promoted. This means that, unlike Gaines, Squeo had no unserved suspension on his record at the time of his promotion. Without a similar disciplinary history, Squeo is too distinct from Gaines to serve as a comparator.

Another reason Squeo cannot serve as a comparator is that he and Gaines were subject to different decision-makers. A proposed comparator may be insufficiently similar if he is subject to different decision-making personnel. *See Ellis v. United Parcel Serv., Inc.*, 523 F.3d 823, 826 (7th Cir. 2008). While Gaines argues that both he and Squeo had holds on their candidacy during the promotional cycles, meaning neither was eligible, he ignores that the Office of Professional Review may lift that hold. At the time of Squeo's promotion, Van Stedum was the Executive Director of the Office of Professional Review. In 2021 and 2023, when Gaines was considered for promotion, Peter Lissuzo held that position and was consulted about releasing the hold on Gaines's candidacy. This means that different decision-makers were responsible for choosing whether to release the hold on Squeo's and Gaines's potential promotions. This, too, makes Squeo an inappropriate comparator.

Gaines disregards the differences in the Office of Professional Review personnel and instead argues for a more flexible comparator standard. The Court agrees there is no rigid or mechanized formula for determining whether an employee is similarly situated. *Coleman v. Donahoe*, 667 F.3d 835, 847 (7th Cir. 2012). But such

an inquiry still normally requires the existence of a common decision-maker, *id.*, which Gaines lacks here.

Taken together, the record demonstrates that neither Rocco nor Squeo were sufficiently similar to Gaines to serve as a comparator. Without evidence of an analogous comparator, Gaines again fails to establish a *prima facie* case of employment discrimination.

### C. Pretext

Even if Gaines could sustain a *prima facie* case for his lack of promotion, the Sheriff's reasons for his ineligibility are not pretextual. Gaines argues that the Sheriff's supposed pretextual justification for his lack of promotion shows discriminatory intent. To claim that the Sheriff's rationale is pretext means that the explanation is dishonest and a "phony" reason for the adverse employment action. *Murphy v. Caterpillar Inc.*, 140 F.4th 900, 914 (7th Cir. 2025). To establish that the Sheriff's reason for disqualification was pretextual, Gaines must identify "inconsistencies" or "contradictions" in the Sheriff's explanation that no reasonable person would find worthy of credence. *Marnocha v. St. Vincent Hosp. & Health Care Ctr.*, 986 F.3d 711, 721 (7th Cir. 2021).

Gaines contends that the Sheriff has provided shifting justifications for his disqualification from promotion. "[S]hifting and inconsistent explanations" for the employer's action may support an inference of pretext. *Murphy*, 140 F.4th at 915. But these "explanations must actually be shifting and inconsistent" rather than "substantially consistent" to indicate pretext. *Highbaugh v. Exelead, Inc.*, 2026 WL 2470123, at *4 (7th Cir. Aug. 24, 2026) (*quoting Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 577–78 (7th Cir. 2003)).

Applying that standard here, Gaines's argument has no merit. Gaines points to various items in the record to support his shifting-explanations argument. First, Gaines advances a notice in December 2022 stating that he was ineligible for promotion because of an attendance infraction. [167-2]. But he admits the Sheriff's Office withdrew that notice the next month, and Gaines was cleared to continue through the promotional process. [165-2] at 69–70. Second, Gaines points to an issue with his Firearm Owner's Identification (FOID) card. In January 2023, the Sheriff's Office told Gaines his FOID card was expired. [167-3] at 2. But that error was fixed three days later and Gaines was once again marked eligible for promotion. *Id.* at 3–5. On review of the record, the attendance and FOID card issues appear to be administrative mistakes that do not constitute pretext. *Mullin v. Temco Mach., Inc.*, 732 F.3d 772, 778 (7th Cir. 2013). Further, in both instances, the Sheriff's Office corrected the misunderstanding, and Gaines was considered eligible for promotion. *See Ivy v. Amazon.com Servs., Inc.*, 2026 WL 1180070, *5 (N.D. Ill. Apr. 30, 2026) (acknowledgment of an error is not evidence that the mistake was a pretextual cover

for discrimination). Since both the attendance and FOID card issues were resolved within days, neither ultimately held Gaines back from promotion.

Third, Gaines argues that the Sheriff only disqualified him because of an open Office of Professional Review investigation, but his own citation to the record also consistently notes his unserved suspension time as another basis for ineligibility. [167-6] at 1, 4, 6. Merely providing an additional reason for an adverse employment action does not establish pretext. *Saud v. DePaul Univ.*, 154 F.4th 563, 569 (7th Cir. 2025). Therefore, none of these arguments reveal inconsistencies in the Sheriff's justification to support an inference of pretext.

Finally, Gaines complains about his untruthfulness as grounds for disqualification. Again, the Sheriff offers this as an additional explanation for Gaines's ineligibility, which does not indicate pretext. Gaines also contends that the Sheriff has only disqualified African American employees based on a finding of untruthfulness. Though he argues that Squeo, a white employee, was similarly found to be untruthful by the Office of Professional Review, that assertion is unsupported by the record.[6] Gaines otherwise cites no material to support this allegation, meaning he has not created a genuine dispute of material fact to give rise to an inference of pretext. *Castelino*, 999 F.3d at 1040.

### D. Holistic Review of the Evidence

Outside the categories of the *McDonnell Douglass* burden-shifting framework, the Court considers all relevant evidence as a whole to determine whether Gaines's race caused his adverse employment action. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). But even under this standard, no reasonable factfinder could conclude that Gaines's race caused his lack of promotion. As described above, Gaines has offered no evidence that he was qualified for promotion or that he had a sufficiently similar comparator. Likewise, he cannot demonstrate that the Sheriff's reasons for his disqualification were pretextual. On the other hand, the Sheriff submitted evidence that Gaines was legitimately disqualified from promotion in 2021 and 2023 because of an unserved suspension. Therefore, taken together, the evidence does not support an inference of discrimination. *Esaw v. Comcast Cable Commc'ns Mgmt., LLC*, 2025 WL 965020, at *8 (N.D. Ill. Mar. 31, 2025) (considering evidence holistically, plaintiff could not defeat summary judgment on her employment discrimination claim where the record established non-discriminatory reason for her

[6] Gaines cites a portion of Squeo's Office of Professional Review file to claim that Squeo, too, was found to be untruthful, and nonetheless received a promotion. However, in the referenced portion of Squeo's file, the investigator states that he "[did] not feel that Sgt. Squeo provided a false statement." [168-1] at 14. Therefore, Gaines's contention has no merit.

termination). Accordingly, the Court grants the Sheriff's motion for summary judgment as to Count II.

### E. *Monell* Claim

Apart from the merits of Gaines's alleged employment discrimination claim, the Sheriff argues his Section 1983 claim fails because Gaines cannot identify a custom, policy, or practice that caused his purported harm. Gaines brings his Section 1983 claim against "Defendant Dart in his official capacity." [42] at 9. A claim against the Sheriff in his official capacity is a claim against the municipality itself. *Bridges v. Dart*, 950 F.3d 476, 478 n.1 (7th Cir. 2020). And to impose such liability, the Sheriff argues that Gaines must show a policy, widespread practice, or custom that caused the purported constitutional harm. *See Zemlick v. Burkhart*, 164 F.4th 1004, 1016 (7th Cir. 2026) (affirming grant of summary judgment because plaintiff developed no evidence to indicate county had any policy, widespread practice, or custom that caused purported harm). Again, Gaines offers no response to this argument, so it is waived. *In re GT Automation Grp.*, 828 F.3d at 605. Therefore, the Court also grants summary judgment on the Section 1983 claim because Gaines put forth no evidence of a policy or practice to establish municipal liability.

## III. Section 1981 Retaliation Claim

Gaines's also brings a claim against the Sheriff for retaliation under Section 1981. The Sheriff argues this claim fails for two reasons. First, Gaines cannot bring a Section 1981 claim against a state actor, so this fails as a matter of law. Second, to sustain his retaliation claim, among other things, Gaines must prove that he was engaged in activity protected by the statute, and that the Sheriff's alleged retaliation was the but-for cause of his non-promotion. *Gracia v. SigmaTron Int'l Inc.*, 842 F.3d 1010, 1019 (7th Cir. 2016). According to the Sheriff, Gaines can establish neither element.

Gaines ignores these points and instead asserts that he can sustain a retaliation claim under Title VII and the Family and Medical Leave Act. But Gaines did not plead a claim under either statute. The operative Complaint clearly alleges "retaliation in violation of Section 1981." [42] at 12. Gaines cannot now amend his Complaint on summary judgment by alleging an entirely different cause of action or by introducing new theories of liability. *Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017). Doing so would deprive the Sheriff of fair notice of the claims against him, violating the federal pleading rules. *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012).

Because Gaines abandoned his Section 1981 claim and refused to engage with the Sheriff's arguments, he has waived any response. *In re GT Automation Grp.*, 828 F.3d at 605. Accordingly, there is no genuine dispute of material fact, and the Court grants the Sheriff's motion for summary judgment on Count III.

## IV. Remaining State Law Claim

In addition to the two federal claims addressed above, Gaines brings a claim against the Sheriff and the Cook County Sheriff's Merit Board for administrative review of the Merit Board's disciplinary decision under 735 ILCS 5/3-101, *et seq*. Since the Court grants the Sheriff's motion as to Gaines's two federal claims, it reassesses its jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3).

First, on federal-question jurisdiction, the Complaint does not clearly state whether the Section 1981 claim is against the Sheriff only or against both Defendants. Only the Sheriff moved for summary judgment, so if the Section 1981 claim is alleged against the Merit Board, a federal claim would remain.

The substance of Gaines's Complaint indicates that the Section 1981 claim pertains to the Sheriff alone. Gaines presents no allegations that the Merit Board took any retaliatory actions against him. Rather, the pleadings about the Merit Board concern its findings and disciplinary decision. [42] ¶¶ 32–35. Further, Gaines's allegations about employment retaliation mirror those brought in his Section 1983 claim. For example, in alleging racial discrimination, Gaines pleads that the Sheriff "failed and/or refused to promote" him. *Id.* ¶ 67. And the retaliation claim complains of "Defendants [sic] excuse for bypassing Plaintiff for promotion." *Id.* ¶ 75. Accordingly, the Court construes the substance of the Complaint to bring the Section 1981 claim against Sheriff Dart only. *See Guyton v. U.S.*, 453 F.3d 425, 426–27 (7th Cir. 2006) (with regard to a motion, "the substance of a party's submission takes precedence over its form"); *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (court reviews the complaint "sensibly and as a whole" to assess which defendants are responsible for which alleged actions); *Barker v. McPherson*, 2013 WL 12642701, at *5 (S.D. Ind. July 25, 2013) (the court considers the complaint's allegations rather than the legal labels).

Because the Court grants the Sheriff's motion for summary judgment on Gaines's Section 1983 and Section 1981 claims, and because it interprets the Section 1981 claim as brought solely against the Sheriff, it no longer has federal question jurisdiction.

Second, there is no diversity jurisdiction. Gaines is a resident of Illinois. [42] at ¶1. The Merit Board is an Illinois agency, *id*. at ¶ 2, and Sheriff Dart is the Sheriff of Cook County, Illinois. Therefore, all parties are citizens of Illinois, and there are no grounds for diversity jurisdiction. *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

Thus, the only basis for jurisdiction over Gaines's remaining state-law claim is supplemental jurisdiction. However, when the federal claims are extinguished, there is a presumption that federal courts will withdraw supplemental jurisdiction over any state-law claims. *Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016). Though

this presumption is rebuttable, "it should not be lightly abandoned." *RWJ Mgmt. Co., Inc. v. BP Prods. N.A., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (citation omitted). The Court may overcome the presumption in cases where the statute of limitations has run on the state law claim, if substantial judicial resources have already been committed; or where it is "absolutely clear" how the remaining claims can be decided. *Id*. at 480.

Here, the Court has not yet devoted substantial resources to the administrative review claim. Though the Court resolves Gaines's federal claims on summary judgment, it has not spent any resources on the state law claim. *See Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (upholding the district court's decision to decline supplemental jurisdiction when federal claims were resolved on summary judgment). In fact, the parties agreed that no discovery would be issued in relation to that claim. [58]. Further, Gaines's claim for administrative review is distinct from his employment-based claims. Thus, there is no judicial economy in retaining jurisdiction over the state law claim. *Cf. Swanson v. Bank of America, N.A.*, 566 F. Supp. 2d 821, 827–28 (N.D. Ill. 2008) (district court retained supplemental jurisdiction over state statutory and common law claims for reasons of judicial economy where the state law claims were closely related to the federal claim).

Nor is it absolutely clear how Gaines's administrative review claim will be decided. No party moved for summary judgment on that claim, and the parties raised no issues related to the underlying merits of Gaines's disciplinary infraction. *Cf. Flores v. Walgreen Co*., 2010 WL 3894091, at *11 (N.D. Ill. Sept. 30, 2010) (exercising supplemental jurisdiction over malicious prosecution claim where the outcome was absolutely clear based on resolution of Section 1983 claim). Rather, the state court is a better forum to consider the Merit Board's compliance with state law. *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). Accordingly, the Court withdraws supplemental jurisdiction over the remaining state-law claim and remands the case to state court.

## Conclusion

For the reasons stated above, the Sheriff's motion for summary judgment [165] is granted as to Counts II and III. Gaines fails to create a genuine dispute of material fact precluding summary judgment on his Section 1983 employment discrimination claim, and abandons his Section 1981 claim for retaliation. With the federal claims eliminated, the Court relinquishes supplemental jurisdiction over Gaines's remaining state law claim for administrative review (Count I). Accordingly, the Court remands the case to state court for further proceedings.

**SO ORDERED.**

Dated: September 17, 2026

Sunil R. Harjani
United States District Judge